IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| JUSTIN WARRINGTON, | Case No. 6:18-cv-00205-AA |
| Plaintiff, | **OPINION AND ORDER** |
| vs. | |
| ROSEBURG FOREST PRODUCTS CO., A Domestic Business Corporation, | |
| Defendant. | |

AIKEN, Judge:

Plaintiff Justin Warrington filed this action against his former employer, Roseburg Forest Products Co., asserting claims of workplace discrimination and retaliation. Plaintiff moves for partial summary judgment on his fourth claim for whistleblower retaliation under ORS 659A.199. For the reasons set forth below, plaintiff's Motion for Partial Summary Judgment (doc. 20) is DENIED.

## BACKGROUND

Defendant Roseburg Forest Products is a closely-held manufacturer and marketer of wood products. Plaintiff was a production employee at the time of his termination.

Page 1 – OPINION AND ORDER

In March 2010, defendant banned the use of tobacco products on company property. Following the ban on tobacco products, employees began smoking in a nearby ditch ("the ditch") adjacent to company property on the westside of Highway 99, just north of company headquarters.

In May 2016, following a safety accident where a worker was nearly struck by a car while smoking in the ditch, defendant enacted a policy "temporarily suspending smoking in or around [the ditch]." Creighton Decl. Ex. 6.

On June 2, 2016, plaintiff's supervisor, Steve Bruggeman, saw plaintiff smoking near the fog line on the westside of Highway 99 just north of company headquarters. Bruggeman approached plaintiff and suspended him until further notice for violating company policy.

On June 8, 2016, plaintiff met with Bruggeman and Human Resources Supervisor John Whiteley to discuss plaintiff's employment status. After the meeting, plaintiff was terminated at the instruction of Whiteley for violating company policy.

During the meeting, Whiteley took notes on what was said. In his notes, Whiteley wrote that plaintiff said, "[h]e felt that he needed to stand up for himself and his rights as others often failed to do so." Creighton Decl. Ex. 5.

On July 3, 2017, in response to a Bureau of Labor and Industries (BOLI) complaint plaintiff made, Whiteley submitted a formal statement to BOLI about plaintiff's termination. The statement said that during the meeting, plaintiff had said he was "trying to make a point[,]" "stand[ing] up for his rights[,]" and that he

"didn't think the Company could control what he could do on his own time." Creighton Decl. Ex. 7 at 2.

## STANDARD OF REVIEW

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Substantive law determines whether a fact is material. *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). A dispute is authentic if a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 427 U.S. 242, 248 (1986). The moving party has the burden of establishing that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party establishes the absence of genuine issues of material fact, the burden shifts to the nonmoving party to establish a genuine issue of material fact beyond the pleadings. *Id.* at 324.

Special rules of construction apply when evaluating a claim for summary judgment: (1) all reasonable doubts as to the existence of a genuine issue of material fact should be resolved against the moving party; and (2) all inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630-31. When the intent of a party is at issue, generally a jury should "be allowed to draw its own inferences from the undisputed facts unless all reasonable inferences defeat [plaintiffs] claim[]." *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 283 (9th Cir. 1979) (citing *Mut. Fund Inv'rs v. Putnam Mgmt. Co.*, 553 F.2d 620, 624 (9th Cir. 1977)).

## DISCUSSION

Plaintiff moves for summary judgment on his ORS 659A.199 whistleblower retaliation claim. Oregon law prohibits employers from retaliating against an employee who has "in good faith reported information that the employee believes is evidence of a violation of a state or federal law, rule or regulation." ORS 659A.199(1). To prevail on a claim for retaliation under ORS 659A.199, plaintiff must show that he was: (1) was engaged in a protected activity; (2) suffered an adverse employment decision; and (3) a causal connection exists between the protected activity and the adverse employment decision. *Brunozzi v. Cable Commc'ns, Inc.*, 851 F.3d 990, 998 (9th Cir. 2017), *cert. denied*, 138 S. Ct. 167 (U.S. 2017).

Plaintiff asserts that he is entitled to summary judgment because he (1) engaged in a protected activity by telling his supervisor he was "trying to make a point and stand up for his rights[,]" Creighton Decl. Ex. 7 at 2; (2) was terminated from his position with defendant; and (3) plaintiff's protected activity caused his termination. Defendant responds that genuine issues of material fact regarding the protected activity and causation elements of plaintiff's claim preclude summary judgment.

Under ORS 659A.199, a plaintiff engages in a protected activity when they "in good faith report[] information that the [plaintiff] believes is evidence of a violation of [a] state or federal law, rule or regulation." ORS 659A.199 (1). The Oregon Court of Appeals has held that the appropriate standard for assessing "good faith" under ORS 659A.199 is a subjective one, looking to the knowledge, intent, or state of mind

of the plaintiff at the time of the report. *Hall v. State*, 274 Or. App. 445, 451-452, 453 (2015) (noting that, under ORS 659A.230, which prohibits retaliation against employees who "in good faith reported criminal activity[,]" "good faith relates to what the employee knew at the time of the report"); *see also Neighorn v. Quest Health Care*, 870 F. Supp. 2d 1069, 1102 (D. Or. 2012) (construing ORS 659A.199 to require a good faith belief that there is a violation of state or federal law). That question is generally one for the jury unless only one reasonable inference can be drawn from the evidence. *See Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 283 (9th Cir. 1979). On this record, a jury could draw reasonable inferences going either way on what plaintiff's subjective intent and beliefs were at the June 8, 2016 meeting.

Because plaintiff's motion fails at the protected activity element, the Court declines to address the causation element of plaintiff's claim.

## CONCLUSION

For the reasons stated above, plaintiff's Motion for Partial Summary Judgment (doc. 20) is DENIED.

IT IS SO ORDERED.

Dated this 4th day of February 2020

*Ann Aiken*
Ann Aiken
U.S. District Judge